

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Rascoe Giles
Commissioner, General Land Office
Austin, Texas

Dear Sir:                    Opinion No. 0-7311

Re: Expenditure of funds held by Colorado County as remitted ad valorem taxes, under Chap. 364 Acts 49th Legislature.

By your letter of July 22, you request an opinion whether the Commissioner's Court of Colorado County as officials of Colorado County Flood Control District (Chapter 361, Acts 47th Legislature) can legally pay the expenses incident to organization of a levee improvement district in said County, out of state ad valorem taxes remitted to said district under terms of Chapter 364, Acts 49th Legislature.

We answer your question negatively, for the reasons hereinafter set out.

1.

Chapter 364, Acts 49th Legislature, assumes to donate and grant to Colorado County Flood Control District one-half of the state ad valorem taxes levied for general fund purposes in Colorado County "For a period of ten (10) years, commencing with September 1, following the adoption of this act . . . ."

Chapter 364 was enacted at the Regular Session of the 49th Legislature, which adjourned on June 5, 1945. The bill passed the Senate April 17, 1945, by record vote of 19 yeas, 9 nays; it passed the House May 28, 1945 by record vote of 63 yeas, 49 nays. As the bill failed to receive the two-thirds vote of the membership of the House requisite to put it into immediate effect, it became effective September 4, 1945, (ninety full days following adjournment of the

Honorable Bascom Giles, Page 2


Legislature on June 5, 1945). Section 39, Article III, Constitution of Texas; K. L. & T. Ry. Co. v. McClanory, 92 Tex. 150, 41 S. W. 406; Halbert v. San Saba Land & Live Stock Co., 89 Tex. 230, 34 S. W. 639, 49 LRA 193.

It is well settled by our cases, that as a general rule, statutes having prospective operation speak as of their effective date. Koorman v. Terrell, 109 Tex. 173, 202 S. W. 727; Lisner v. Simon, 93 Tex. 240, 66 S. W. 477; Scales v. Marshall, 96 Tex. 140, 70 S. W. 944; G. H. & S. A. Ry. Co. v. State, 81 Tex. 598, 17 S. W. 67.

In G. H. & S. A. Ry. Co. v. State, supra, Judge Gaines said for the Court:

"We apprehend that no universal rule of construction can be adopted when a statute, which makes a distinction between future and past transactions, is passed upon one day to take effect on another; but we think the general rule is that a statute speaks from the time it becomes a law, and what has occurred between the date of its passage and the time it took effect is deemed, with respect to the statute, a past transaction."

And in Scales v. Marshall, after reviewing the previous cases announcing the rule, the Supreme Court declared (90 Tex. 143):

"The rule we are considering is one of construction merely, and does not control the expressed intention of the Legislature; but, as we have seen, the mere use of such words as 'before the passage,' 'after the passage' 'heretofore,' 'hereafter,' or 'already' does not so plainly show an intention to fix a date differing from that of the taking effect of the statute as to control. This is especially true where there is in force a constitutional provision, such as ours, under which, with an exception not applicable here, statutes can only be effective after ninety days from the adjournment of the session of the Legislature. In some of the cases it is

strongly intimated, if not decided, that such a
provision as that in question, if intended to
refer to the passage of the act, would be an
attempt to make the law partially operative sooner
than permitted by the Constitution and would bring
it in conflict with the provisions cited . . ."

As the rules of construction above outlined require
that we consider Chapter 364, supra, as speaking as of its
effective date, viz, September 4, 1945, it is our opinion that
the "period of ten (10) years, commencing with September 1,
following the adoption of this act . . ." referred to in the
Act, begins September 1, 1946. Popham v. Patterson, 121 Tex.
615, 51 S. W. (2) 680. To construe the act as having reference
to September 1, 1945, would be to make it partially operative
before the time permitted by Section 39, Article III of the
Constitution.

We think, therefore, that Chapter 364 by its own
terms is inapplicable to appropriate any part of the ad
valorem taxes levied and collected prior to September 1, 1946.
Such funds, we advise, may not be expended for any purpose
contemplated by Chapter 364, supra.

2.

Legal basis for existence of Colorado County Flood
Control District is Chapter 361, Acts 47th Legislature (1941),
which was entitled,

"An Act creating the Lavaca County Flood Con-
trol District in Lavaca County, Texas; creating
the Jackson County Flood Control District in
Jackson County, Texas; creating the Fayette County
Flood Control District in Fayette County, Texas;
creating the Colorado County Flood Control District
in Colorado County, Texas; and defining their
powers; designating the Commissioners Courts as
the governing bodies of such Districts and defining
the powers of such Courts in connection therewith;
providing for the filing of petitions for the
issuance of bonds, notices of hearing thereon, for
elections therefor, and the procedure; limiting

Honorable Bascom Giles, Page 4

the tax rate in support of bonds voted; providing for the issuance of bonds and the manner and form thereof and the procedure in connection with the issuance, registration, approval and sale thereof; defining the duties of the various officials of Lavaca, Jackson, Fayette, and Colorado Counties; providing that state laws applicable to contracts and accounting for funds shall apply to such Districts; making the Act cumulative of other laws; providing for the use of public property by such Districts; granting the right of eminent domain; providing laws relating to assessing and collecting State and County current and delinquent taxes shall apply to said Districts; providing that if any provision of this Act shall be held invalid or unconstitutional the other provisions shall not be affected; repealing all laws or parts of laws in conflict herewith; and declaring an emergency."

The body of the act, by four separate, individual charters set forth in independent "articles," assumed to establish the four several local public corporations mentioned in the title. Each of these charters of powers is complete in itself, and wholly independent of the others; these separate articles share only the common caption, and the formal clauses concerning severability, repeal of inconsistent legislation, and the inoperative emergency clause.

Section 35, Article III of the Constitution of Texas; provides:

"No bill, (except general appropriation bills, which may embrace the various subjects and accounts, for and on account of which moneys are appropriated) shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof, as shall not be so expressed."

Honorable Bascom Giles, Page 5


The courts of this State, have repeatedly pointed out that the purpose of Section 35 of Article III is two-fold. In Breen v. T. & P. R. R. Co., 44 Tex. 302, 305-6, it is said,

"The purpose to be effected by this section of the Constitution was no doubt to prevent the 'bringing together into one bill subjects diverse in their nature and having no necessary connection, with a view to combine in their favor the advocates of all, and thus secure the passage of several measures, neither of which could succeed on its own merits.' It was also intended to remedy another practice 'by which, through dexterous management, clauses were inserted in bills of which the titles gave no intimation,' and thereby pass bills through the legislature while many members were unaware of their real scope and effect."

Consolidated Underwriters v. Kirby Lumber Company, (Com. App.) 267 S. W. 703, 705, phrases the thought:

"It is well recognized that the purposes of this provision are to advise the Legislature and the people of the nature of each particular bill, so as to prevent the insertion of obnoxious clauses which otherwise might be ingrafted on it and become the law, and to obviate legislation through the combination, upon a composite bill, of the votes of the proponents of different measures included in it, some of which would not pass upon their own merits if separately considered." (Emphasis ours).

See also, Katz v. State, 122 Tex. Cr. 731, 54 S. W. (2) 130, 131; Albrecht v. State, 8 Tex. Ct. App. 216, 34 Am. Rep. 737, 738-39; Gulfert v. Yorktown I. S. D. (Tex. Civ. App.) 283 S. W. 345, 349; Hidalgo & Cameron Counties W. C. & I. D. No. 9 v. American Rio Grande Land & Irr. Co., 103 Fed. (2) 509.

"It militates against 'omnibus' or multi-subject legislation, the practice of procuring

diverse and unrelated matters to be passed as
one act through the consolidated vote of advo-
cates of each separate measure, when perhaps
no single measure could have been passed on
its own merits." SUTHERLAND, STATUTORY CON-
STRUCTION (3rd Ed., Horack), Vol. 1, Sec. 1702,
p. 290.

The cases ordinarily arising under this provision
of the Constitution, test whether the caption of an act is
sufficient to cover the provisions embraced in the body of
the statute. The question which confronts us in considera-
tion of Chapter 361, however, does not relate to sufficiency
of its caption (indeed, the title is but a resume of the body
of the enactment); rather, we must answer whether a single
act of the legislature granting four several charters, each
setting up a separate, complete municipal corporation, em-
braces but a single subject of legislation.

It uniformly is held by the Courts that a liberal
construction will be applied in determining whether or not
a statute violates the injunctions of Section 35 of Article
III; and, where the provisions of an act are germane in any
degree to the subject or object declared by the title, the
law will be upheld. Katz v. State, 122 Tex. Cr. 231, 54
S. W. (2) 130, 131 and cases reviewed therein; Doeppenschmidt
v. I. & G. N. R. R. Co., 100 Tex. 534, 101 S. W. 1080. More
particularly, as concerns the instant problem, we find that
our decisions affirm that an act of the Legislature estab-
lishing a municipal corporation, prescribing its powers, and
providing for a complete system of municipal government,
deals with a single subject, and may contain all provisions
germane thereto. Halle v. City of Austin, (Tex. Civ. App.)
error refused) 56 S. W. 934; Ex parte Abrams, 56 Tex. Cr. 465,
120 S. W. 883, 18 Ann. Cas. 45; City of San Antonio v. Johnson,
(Tex. Civ. App.) 186 S. W. 866; see also, Brookston v. Board
of Comsrs., 79 Minn. 283, 82 N. W. 586, 79 Am. St. Rep. 453.

May the legislature, without violating Section 35,
establish several cities, grant them separate charters, and
the act be upheld because it relates to the common topic of
municipal corporations?

As above stated, the vice in statutes normally found by the courts to violate Section 35, is that the title specifies a single subject of legislation, while the body of the act treats of two or more. In determining these questions, the courts hold that the legislation is limited to the scope which the legislature by the caption defines the subject to be. In the present instance, for example, if the title had declared the purpose of the act to be the establishment of Fayette County Flood Control District, whereas the body of the bill assumed to establish as well the other three, viz., Jackson County Flood Control District, Colorado County Flood Control District, and Lavaca County Flood Control District, the courts would without hesitation declare the act in contravention of Section 35, at least as to the three charters not mentioned in the caption. Sutherland v. Board of Trustees of Bishop I.S.D., 261 S. W. 459 (Tex. Civ.; error refused); Katz v. State, supra; Adams & Wickes v. San Angelo Waterworks Co., 86 Tex. 485, 25 S. W. 605; Ft. Worth & D. C. Ry. Co. v. Loyd, (Tex. Civ.; error refused) 132 S. W. 899; Gulf Ins. Co. v. James, 143 Tex. 424, 185 S. W. (2) 966. It necessarily would base its action upon the ground that the body of the act embraces four subjects against a single subject specified in the title, for Section 35 does not empower the court to invalidate confusing or misleading captions, as such, but only captions which fail to state the subject of the act.

If the establishment of Fayette County Flood Control District is a single subject of legislation, (where the act states only the purpose to establish such district), as distinguished from Jackson County Flood Control District, Lavaca County Flood Control District, and Colorado County Flood Control District, we think it likewise a single, distinct subject in a bill setting forth in the caption in index form the legislative purpose to establish the Fayette County District and the three other named districts.

If a caption setting forth the legislative purpose to include separate provisions establishing four unconnected flood control districts be thought to concern a single topic, flood control (which is to be inferred from the indexing in the title of the districts to be established) then logically a bill stating the purpose of establishing one such district would relate to the same subject, and would sustain just as many provisions on the subject as would the longer title.

Much has been written on the topic here considered; for brevity, we will not further discuss the cases herein. We would observe, however, that where the legislature assumes

Honorable Bascom Giles, Page 8

to combine legislation on diverse matters, or applicable to diverse areas, it should and must meet the constitutional requirement by declaring the object or purpose to which the several provisions are subordinate or germane. The Constitution does not leave it to the ingenuity of court and counsel to discover some concept of such scope as will comprehend the several matters, but requires of the legislature that the "subject" of the enactment be declared in its title. This is not accomplished by indexing in the title the several provisions of the bill, where no necessary relation to a common subject or purpose is disclosed thereby.

We think the title of the present act declares a legislative intent to enact laws on four several local subjects of legislation; and that the body of the act attempts to carry out that intention by assuming to legislative on four separate subjects. There the body of the statute contains more than one subject, all of which are expressed in the title, the whole of the act is void, since it is impossible to know which the Legislature would have preferred to omit. Joy, et al v. City of Terrell, (Tex. Civ. App.) error refused) 138 S. W. 213. It therefore is our opinion that Chapter 361, Acts Regular Session 47th Legislature, must fall because of its conflict with Section 35 of Article III, supra.

As we are of the opinion that the act assuming to establish Colorado County Flood Control District is invalid and inoperative, it follows that Chapter 364, Acts Regular Session 49th Legislature would also be inoperative, as it assumes to donate and grant to a non-existent municipal corporation a portion of the state ad valorem taxes imposed for general fund purposes in Colorado County, Texas.

Other Constitutional objections might be lodged against Chapter 364, supra. As the above discussion requires that we advise that the act is inoperative, we reserve consideration of the other problems.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Gaynor Kendall
Assistant

APPROVED NOV 15, 1946

ATTORNEY GENERAL OF TEXAS

GK:ms